NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**MARCO A. BOCCATO, OSB #103437**
Assistant United States Attorney
Marco.Boccato@usdoj.gov
310 West Sixth Street
Medford, OR 97501
Telephone (541) 776-3564
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 1:22-cr-00076-MC |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DANIEL MARTIN PONCE GONZALEZ,** | |
| Defendant. | |

## I.   Introduction

Defendant Daniel Martin Ponce Gonzalez possessed with intent to distribute a massive amount of methamphetamine, fentanyl, and cocaine. He should receive a seventy-eight-month sentence. There are no guideline disputes, and the only issue before the Court is the appropriate sentence under 18 U.S.C. § 3553(a).

/ / /

## II.     Factual Background

### A.     The Offense Conduct

On June 19, 2021, at approximately 7:15 p.m., law enforcement stopped a black Nissan Altima ("the Vehicle") for traffic violations. The Vehicle was traveling north on Highway 97 in Klamath County, Oregon. The driver was identified as the defendant Ponce Gonzalez and the passenger was identified as Benjamin Madrigal Birrueta.[1] During the contact, including the initial stop and during his later interview, Ponce Gonzalez provided law enforcement with a false name and fake identification documents. The occupants were unable to provide law enforcement with insurance information and Ponce Gonzalez told law enforcement he believed the Vehicle was not insured.

During the contact, law enforcement observed signs consistent with drug trafficking. Both Ponce Gonzalez and Madrigal Birrueta provided consent to search the Vehicle and its contents. Law enforcement began to search and identified an aftermarket hidden compartment between a rear seat and the trunk. Inside the compartment, law enforcement located what was later determined to be approximately 55.1 pounds of suspected methamphetamine, 953 grams of suspected cocaine, and 1027 grams of suspected fentanyl pills.

The suspected methamphetamine, cocaine, and fentanyl was taken to the DEA lab. The suspected methamphetamine was found to contain 23,269 grams of pure methamphetamine. The

---

[1] A few days after the traffic stop, Madrigal Birrueta was released from the Klamath County Jail. He was charged as a co-defendant in this case, but was not arrested until April of 2023. After his arrest, he was transferred to the District of Oregon. In August of 2023 the Southern District of California charged Madrigal-Birrueta for a variety of offenses, including a drug conspiracy count that encompassed the charged conduct in this case. See SDCA Case No. 23CR1684 RBM. The government dismissed the Oregon case against Madrigal Birrueta and he was transported to the Southern District of California.

**Government's Sentencing Memorandum**                                                                                     **Page 2**

suspected cocaine tested positive for cocaine with a net weight of 904 grams.  And the suspected fentanyl (in the form of counterfeit Oxycodone pills) was found to contain 1003.7 grams of fentanyl.



Both Ponce Gonzalez and Madrigal Birrueta were arrested and transported to the Oregon State Police office in Klamath Falls, Oregon.  Ponce Gonzalez was interviewed by law enforcement and initially denied any knowledge of the drugs in the Vehicle.  However, after it

**Government's Sentencing Memorandum**                                                                                                    **Page 3**

was determined that Ponce Gonzalez was lying about his real name, he was interviewed again. During the follow-up interview, Ponce Gonzalez admitted to lying about his name and paying between $300-$350 for the fake identification card. Ponce Gonzalez also admitted to placing the drugs in the "trap" of Vehicle while in California. Ponce Gonzalez told law enforcement that he was transporting the drugs because of threats to his family and to settle an old drug debt from fifteen years ago.

### B. The Charges

Ponce Gonzalez was charged in a single count Indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

### C. The Plea Agreement & Guideline Computations

Ponce Gonzalez agreed to plead guilty to sole count contained in the Indictment. In exchange, the government agreed to not bring any additional charges against Ponce Gonzalez in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. Furthermore, and as set forth in the table below, the government is also agreeing that Ponce Gonzalez should receive a two level "safety-valve" departure, three levels for acceptance of responsibility, and a three-level variance. Finally, because of the changes to the guidelines that take effect November 1, 2023, the government is also recommending a two-level variance because Ponce Gonzalez is a "zero-point" offender. *See* PSR ¶¶ 31 & 79.

The parties agree with the following PSR computations:

| Enhancement | Government's Position |
|---|---|
| Base—<br>USSG § 2D1.1(c)(1) | 38 (not contested) |
| Safety-Valve Departure—<br>USSG §§ 2D1.1(b)(18) & 5C1.2 | -2 (not contested) |

**Government's Sentencing Memorandum**                                                                   Page 4

| | |
|---|---|
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 (not contested) |
| Zero Point Offender Variance—<br>18 U.S.C. § 3553 | -2 (not contested) |
| Variance—<br>18 U.S.C. § 3553 | -3* (not contested) |
| **Total Offense Level** | **28 (not contested)** |
| **Resulting Guideline Range** | **78-97** |

*Ponce Gonzalez may seek a larger variance

### III.     Argument

####     A.     Government's Recommended Sentence

This Court should impose a seventy-eight-month sentence, which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Ponce Gonzalez was actively trafficking a massive quantity of drugs. And the drugs were clearly dangerous, including both methamphetamine and fentanyl in the form of counterfeit Oxycodone pills. Drug use and trafficking, especially methamphetamine and fentanyl, have greatly harmed our country and region. Ponce Gonzalez was part of that harm.

Moreover, Ponce Gonzalez was previously sentenced to prison in Washington for drug trafficking. PSR ¶ 37. That prior prison sentenced apparently fail to dissuade Ponce Gonzalez from continuing to deal drugs. A significant sentence is appropriate.

####     B.     Forfeiture & Abandonment

Pursuant to the plea agreement letter, Ponce Gonzalez is agreeing to forfeit the 2017 Nissan Altima, hat was used to traffic the drugs and contains a "trap." As long as no claims are made, the government anticipates having a Final Order of Forfeiture submitted to the Court by

the end of October 2023.  Ponce Gonzalez is also agreeing to abandon any interest in the seized phones.

## IV.    Conclusion

Based on the foregoing, the government recommends that this Court impose a seventy-eight guidelines sentence, followed by a five-year term of supervised release, subject to the conditions set forth in the PSR, and a $100 fee assessment.

Dated: September 27, 2023.                              Respectfully submitted,

                                                                            NATALIE K. WIGHT
                                                                            United States Attorney


                                                                            /s/ Marco A. Boccato
                                                                            MARCO A. BOCCATO OSB #103437
                                                                            Assistant United States Attorney